**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENZO BULONE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64958

**FILED**

JUL 2 9 2014





TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, grand larceny of a firearm, and conspiracy to commit burglary. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

The crimes for which appellant Vincenzo Bulone was convicted arose from the burglary of the home of his mother and step-father. Bulone appeals, arguing that there was insufficient evidence to support his convictions, and that the district court abused its discretion by admitting evidence of a prior bad act.

*Sufficiency of the evidence*

The standard review for a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (internal quotations omitted). The jury is tasked with "assess[ing] the weight of the evidence and determin[ing] the credibility of witnesses." *Id*. Moreover, this court will not disturb a verdict "supported by substantial evidence." *Id*.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24741

Bulone argues that the evidence presented at trial fails to prove beyond a reasonable doubt that he had present knowledge of the burglary such that he could have aided and abetted his codefendants and conspired to commit the burglary.[1] "A person aids and abets the commission of a crime if he aids, promotes, encourages or instigates, by act oradvice, the commission of such crime with the intention that the crime be committed." *Bolden v. State*, 121 Nev. 908, 914, 124 P.3d 191, 195 (2005); *see also* NRS 195.020. Moreover, "the aider or abettor must have knowingly aided the other person with the intent that the other person commit the charged crime." *Sharma v. State*, 118 Nev. 648, 655, 56 P.3d 868, 872 (2002). This court has defined conspiracy as "an agreement between two or more persons for an unlawful purpose." *Thomas v. State*, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1998).

In this case, the State presented evidence from Nye County Sheriff's Detective Trevor Meade. Detective Meade testified that months prior to the burglary of the home of Bulone's mother and step-father, Bulone had contacted him and informed him that his mother and step-father's home was going to be burglarized. During the conversation, Bulone asked Detective Meade if he would overlook the crime because if the police allowed it to happen it could lead to the capture of a Las Vegas arms dealer. Detective Meade told Bulone he could not do so. Detective Meade further testified that when he spoke to Bulone again after the burglary, Bulone admitted to having knowledge of the burglary, providing the burglars with information regarding what items to take, and providing

---

[1]Bulone does not argue that the burglary and grand larceny did not occur. Rather, he focuses on the aiding and abetting elements of the crimes charged.

them with his mother's and step-father's schedules. Detective Meade also testified that Bulone had instructed the burglars not to touch any of his mother's property. Although Bulone was not present during the burglary, he was arrested four days later for aiding and abetting three other individuals who were apprehended and charged in connection with the burglary. Based on the evidence presented, we conclude that "*any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *McNair*, 108 Nev. at 56, 835 P.2d at 573 (internal quotations omitted).

*Prior bad act evidence*

Bulone next argues that the district court erred in overruling his objection to Aldrich's statement regarding a prior "domestic dispute" at the house where Bulone was living because it prejudiced the jury against him and impermissibly indicated that he acted in accordance with a criminal character.

On cross-examination, defense counsel asked Aldrich about a fight that occurred between him and Bulone. On redirect examination, the State inquired about problems between Aldrich and Bulone during the time when Bulone lived on Aldrich's property, and Aldrich responded: "[t]hat's how I met Sergeant Huggins was because he was calling over there for a domestic dispute and asked my opinion." Defense counsel promptly objected on the grounds that this testimony constituted prejudicial bad-act evidence. After dismissing the jury, the district court entertained the parties' arguments and then overruled the objection, finding that it was not improper testimony but instructing the parties that no other details of the incident were to be disclosed.

Although evidence of "other crimes, wrongs or acts" is inadmissible to prove character, or "to show that the person acted in

SUPREME COURT
OF
NEVADA

(O) 1947A

conformity therewith," it may be admissible for other nonpropensity purposes, such as proof of motive or opportunity. NRS 48.045(2). However, even if there is a permissible nonpropensity purpose, the admission of uncharged acts is strongly disapproved of, and thus there remains a presumption of inadmissibility as to all prior-bad-act evidence. *Newman v. State*, 129 Nev. ___, ___, 298 P.3d 1171, 1178 (2013). In order to overcome this presumption, the State must establish that: "(1) the prior bad act is relevant . . . , (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Id.* "This court reviews a district court's decision to admit or exclude prior-bad-act evidence under an abuse of discretion standard." *Id.*

The State argues on appeal that Aldrich's statement about a domestic dispute does not constitute evidence of a prior bad act because Aldrich gave no specific details and he did not state that Bulone was the aggressor. The State further argues that even if the testimony constituted evidence of a prior bad act, it was "entitled to follow up that line of questioning to dispel any notion that Mr. Aldrich was falsely accusing [Bulone]."

We disagree and conclude that the statement was evidence of a prior bad act. The term "domestic dispute" carries negative connotations. When the jury heard the term "domestic dispute" without more information, it could reasonably infer that Bulone had a proclivity for engaging in bad behavior. We further conclude that the State failed to show a valid nonpropensity purpose for the admission of this evidence. While the State was entitled to dispel the notion of bias on the part of

Aldrich, Aldrich's mention of a domestic dispute was unrelated to that valid purpose.

Nevertheless, we conclude that this error was harmless. "A nonconstitutional error, such as the erroneous admission of [a prior bad act] , is deemed harmless unless it had a substantial and injurious effect or influence in determining the jury's verdict." *Newman,* 129 Nev. at ___, 298 P.3d at 1181 (internal quotations omitted).

The jury in Bulone's heard no further testimony surrounding the domestic dispute or that Bulone even committed any act of violence. Even if the jury believed Bulone was involved in a domestic dispute and was the aggressor, it is unlikely that this evidence would lead the jury to convict him of aiding and abetting burglary and grand larceny as there was other sufficient evidence for the jury to consider, including testimony that Bulone knew in advance about the burglary and provided his codefendants with specific information on how to carry out the burglary. Therefore, we conclude that the erroneous admission of this evidence was harmless because it likely did not have a "substantial and injurious effect or influence on determining the jury's verdict." *Newman,* 129 Nev. at ___, 298 P.3d at 1181 (internal quotations omitted).

Having considered Bulone's contentions and concluded that they do not warrant reversal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kimberly A. Wanker, District Judge
David R. Fischer & Assoc., LLC
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk